IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ASEM ALDEBIE, A-Number 221-054-684;<br>SALI ALASHHAB, A-Number 221-054-728,<br><br>*Petitioners*,<br><br>V.<br><br>WARDEN, South Texas Detention Facility;<br>SYLVESTER ORTEGA, Field Office<br>Director of the San Antonio Office; TODD<br>LYONS, Acting Director of Immigration and<br>Customs Enforcement; KRISTI NOEM,<br>Secretary of the U.S. Department of<br>Homeland Security; PAMELA BONDI,<br>Attorney General of the United States.<br><br>*Respondents*. | CIVIL CASE NO. SA-26-CV-01650-FB |

**ORDER FOR SERVICE AND FURTHER ORDERS OF THE COURT**

Before the Court are the Verified Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) and the Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction, construed as a Motion for Temporary Restraining Order and Preliminary Injunction, ("Motion") (ECF No. 2), filed by Petitioners Asem Aldebie and Sali Alashhab ("Petitioners"), who are currently detained in the South Texas Detention Complex in Pearsall, Texas, located in the Western District of Texas.

IT IS HEREBY ORDERED that the District Clerk shall furnish the Office of the United States Attorney in San Antonio, Texas, with copies of the Petition (ECF No. 1), the Motion (ECF No. 2), and this Order. Delivery by certified mail, return receipt requested, of those same documents shall constitute sufficient service of process, unless otherwise contested, on the Federal Respondents. *See* FED. R. CIV. P. 4(i). Service should be directed to:

Stephanie Rico, the Civil Process Clerk
United States Attorney's Office, Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216.

IT IS FURTHER ORDERED that the Clerk of Court shall serve Respondent Warden, South Texas Detention Facility, with copies of the Petition (ECF No. 1), the Motion (ECF No. 2), and this Order.  Delivery by certified mail, return receipt requested, will constitute sufficient service of process unless otherwise contested.  Service should be directed to:

Warden
South Texas Detention Complex
566 Veterans Drive
Pearsall, Texas 78061.

IT IS FURTHER ORDERED that Respondents shall file a response to the Petition within five (5) days of the date of service.  In preparing their response, if this case concerns, in whole or in part, whether the Petitioners' detention violates due process, **Respondents must consider the following prior court orders issued in the Western District of Texas addressing this question and note any material factual differences:**  *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara,* Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025);  and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).  Failure to do so may result in a summary order granting all relief requested in the petition on that issue other than the request for attorney's fees.  In lieu of a full response, Respondents may choose to file a response indicating that there are no material factual differences here and preserving all legal arguments made by the Federal Respondents in those cases on the procedural due process claim.

IT IS FURTHER ORDERED that, if Petitioners elect to file a reply, Petitioners may do so no later than 7 days after the Respondents file their answers/responses.

IT IS FURTHER ORDERED that **any possible or anticipated removal or transfer of Petitioners Asem Aldebie and Sali Alashhab is IMMEDIATELY STAYED[1] until further order from this Court.  Respondents shall not transfer Petitioners outside of this judicial district during the pendency of this litigation and until further Order of this Court.**  Of course, this stay does not preclude Respondents from taking necessary steps to effect Petitioners' removal, it merely stays the physical removal or transfer of Petitioners**.**

It is so ORDERED.

SIGNED this 13th day of March, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[1] *See Maldonado v. Lyons,* Case No. 5:26-CV-0112-JKP, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (stay of removal and transfer by Court is proper exercise of Court's inherent power to preserve ability to hear case and "address the matters raised in the instant habeas petition").