IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASEM ALDEBIE,  A-Number 221-054-684; | § | |
| SALI ALASHHAB, A-Number 221-054-728, | § | |
| | § | |
| *Petitioners*, | § | |
| | § | |
| V. | § | CIVIL CASE NO. SA-26-CV-01650-FB |
| | § | |
| WARDEN, South Texas Detention Facility; | § | |
| SYLVESTER ORTEGA, Field Office | § | |
| Director of the San Antonio Office; TODD | § | |
| LYONS, Acting Director of Immigration and | § | |
| Customs Enforcement; KRISTI NOEM, | § | |
| Secretary of the U.S. Department of | § | |
| Homeland Security; PAMELA BONDI, | § | |
| Attorney General of the United States. | § | |
| | § | |
| *Respondents.* | § | |

## ORDER DENYING MOTION FOR TEMPORARY
## RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Before the Court is the Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2), construed as a motion, filed by Petitioners in the above-styled and numbered cause.

The relief Petitioners seek through this motion essentially mirrors the ultimate relief sought on the merits of already expedited proceeding under 28 U.S.C. § 2241.  Such circumstances justify denying the motion and proceeding directly to the merits of the habeas petition itself. *See, e.g., Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG, unpub. order at 12 (W.D. Tex. Oct. 30, 2025) (collecting cases); *Chambliss v. Ashcroft*, No. 3:04-CV-0298-D, 2004 WL 718998, at *2 (N.D. Tex. Apr. 1, 2004) (recommendation of Mag. J.) (recommending denial of similar motion because preliminary relief sought was "the same as the relief sought through the habeas petition") *adopted by* No. 3:04-CV-0298-D, 2005

WL 724206 (N.D. Tex. Mar. 30, 2005). Indeed, prompt resolution is already contemplated by the nature of the writ itself. See 28 U.S.C. § 2243 ("A court... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."); *Harris v. Nelson*, 394 U.S. 286, 291 (1969) (reiterating that "the office of the writ is to provide a prompt and efficacious remedy" and habeas proceedings "must not be allowed to flounder in a 'procedural morass'"). This Court already has entered an Order for Service with a limited stay and expedited briefing schedule.

IT IS THEREFORE ORDERED that the Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2), construed as a motion, is DENIED.

It is so ORDERED.

SIGNED this 8th day of April, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE